# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21cr-00489-002 RDM |
| v. | **MEMORANDUM IN AID OF SENTENCING** |
| JENNIFER BUTEAU, | |
| DEFENDANT | |

COMES NOW, Jennifer Buteau, through counsel Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of two years' probation. This sentence is consistent with the recommendation of the United States Probation Office. (Dkt. #68). Counsel also concurs with the other recommendations in their filing.

## IMPOSITION OF SENTENCE

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

In determining the sentence to be imposed this court must consider the §3553(a) factors. Those are:

### A. The Nature and Circumstances of the Offense.

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 1

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

Ms. Buteau plead guilty Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). Ms. Buteau had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. She decided to come to D.C. to *peacefully* protest the results of the election and the lack of attention to alleged voting irregularities. She did so with no intent to do anything but add her voice to the vocal protests over the injustice she perceived had happened in the election. She was not armed, and she committed no violent actions in her peaceful protest.  Admittedly Ms. Buteau entered the Capitol.  Ms. Buteau entered through an open door with numerous police officers inside and out.  The officers were restricting access to some parts of the building but not stopping anyone from other parts of the building.  Ms. Buteau and her husband/co-defendant were inside the Capitol for a total of 20 minutes.  Ms. Buteau's culpability is minimal in contrast to the other individuals involved that day who destroyed property, stole property, assaulted, and threatened law enforcement officers, and attempted to disrupt Congress.  Ms. Buteau's only desire was to participate in a democratic process that is protected under the 1st Amendment of our Constitution. Unfortunately, going into the Capitol was not part of that democratic process and she now stands before the court having pleaded guilty to parading and demonstrating in the Capitol.

### B.      History and Characteristics of the Defendant.

Ms. Buteau is 46 years old (47 on the sentencing date) and a resident of Florida.  Ms. Buteau has no prior arrest.  Except for a two-year period when she was on worker's compensation, Ms. Buteau has maintained steady employment her

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

entire life.  She has close family support and has friends and family who would like to address the court at sentencing.  Ms. Buteau's husband/co-defendant receives disability income, and she is the main breadwinner for the family.  Ms. Buteau has three children, two of whom have left home.  Ms. Buteau and her husband share responsibility for caring for their third child whose disabilities are provided in paragraph 35 of the PSIR.  According to the United States Probation Office  (USPO) she has been in compliance with her pretrial supervision and the terms of her release.  According to the USPO Ms. Buteau ". . . remains compliant with her release conditions, has appeared for all scheduled Court appearances, and is not an apparent flight risk or a danger to the community." (Dkt. #68).

C.   **The Need for the Sentence imposed –**

1.   **To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

The offense Ms. Buteau pleaded guilty to is a misdemeanor.  A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As the Supreme Court has noted probation involves a "substantial restriction of freedom." *United States v. Gall,* 128 S.Ct. 586, 595 (2007).  "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

     **2.**      **To afford Adequate Deterrence to Criminal Conduct, and**

     **3.**      **To Protect the Public from Further Crimes of the Defendant.**

This is Ms. Buteau's first conviction and based on her past record, her acceptance of responsibility and her remorse for her conduct it is sure to be her last. Even a sentence of probation will ensure that she has no further criminal conduct and will protect the public from further other crimes by Ms. Buteau.

     **4.**      **To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Ms. Buteau will be 47 years of age at sentencing and is employed in the food service industry. Ms. Buteau is not in need of any educational, vocational training or other correctional treatment.

     **D.**      **The Kind of Sentences Available, and**

     **E.**      **The Kinds of Sentence and the Sentencing Range Established By the Guidelines.**

As this is a Class C misdemeanor the Federal Sentencing Guidelines do not apply. This court is free to impose any sentence that is ". . . sufficient but not

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation would be consistent with other capitol riot defendants similarly situated. *See, e.g., United States v. Valerie Ehrke*, 21--CR00097 (PLF), 36 months probation; *United States v. Danielle Doyle,* 21-CR-00324 TLM, 2 (two) months probation, $3,000.00 fine; *United States v. Eliel Rosa,* 21-CR-00068 TNM, 12 months probation, 100 hours community service; *United States v. Thomas Gallagher*, 21-CR-00041 CJN, 24 months probation, 60 hours community service.  See also, sentencing chart provided as Exhibit One to the government's sentencing memorandum.  (Dkt. #65).

### CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996).  The

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

defendant's case is unique.  She is a 47-year-old first offender caught up in the madness that was January 6.  As set out above a sentence that does not include incarceration or home detention will satisfy the 18 U.S.C. §3553(a) factors.

Dated:  November 9, 2023

                                                Respectfully submitted,

                                                /s/ Joseph R. Conte

                                                Joseph R. Conte, Bar #366827
                                                Counsel for Jennifer Buteau
                                                8251 NW 15th Ct.
                                                Coral Springs, FL  33071
                                                Phone:      202.236.1147
                                                E-mail:      dcgunlaw@gmail.com

*United States v. Jennifer Buteau*
Case No. 1:21cr00489-002 RDM

Memorandum in Aid of Sentencing
Page No. 6

SENT MEMO RIOT MISD 23/11/09 12:31:41

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com